# COURT OF APPEALS.

PATIENCE M. GARDNER, respondent, agt. JAMES GARDNER, appellant.

*Contempt proceedings — Injunction — When merged in the final judgment.*

In an action for a limited divorce an injunction was granted restraining defendant from interfering with plaintiff's possession and occupancy of a certain house. A final judgment was afterwards entered granting a divorce and alimony which contained no reference to the injunction and granted no other:

*Held,* that as the judgment covered the whole case it superseded the injunction; that it was the further order of the court, and an appeal taken therefrom would not affect it so as to restore or reinstate the injunction.

*Decided November,* 1881.

By an order of special term defendant was adjudged guilty of contempt for the violation of an order dated October 7, 1878, enjoining him from interfering with plaintiff in her possession and occupancy of a house, &c.

It appeared that plaintiff brought an action against defendant for a limited divorce; that said order was granted therein; that on October 7, 1880, a final judgment was entered in said action in favor of plaintiff granting a divorce and alimony but no mention was made in the judgment of said injunction; and it contained no continuance thereof by express reference thereto, and no other or further injunction was granted thereby. An appeal was duly taken from said judgment by the defendant, and an undertaking to stay the execution thereof approved by the court was duly filed.

*William G. McCrea,* for appellant.

*Clark F. Whitmore,* for respondent.

PER CURIAM. — The question presented upon this appeal is whether the injunction order granted prior to the judgment was in force at the time the alleged contempt was committed. By the terms of the order it was to continue in force until the further order of the court. No provision is made in the final judgment or order entered upon the referee's report allowing alimony, continuing the injunction. Nor was any reference made in said judgment to the injunction; nor was any further or other injunction granted thereby. The claim of the appellant rests upon the theory that the injunction being unconditional and to continue in force only until a further order is made, no such order having been granted, it was abrogated by the final judgment. It is, no doubt, the general rule that the judgment should control; but the question to be determined upon this appeal is whether this principle applies when the defendant has appealed from the judgment and refused to abide by its requirements. It is well settled that a judgment, until reversed, is conclusive between the parties to the record upon all matters directly adjudicated. So long as it is in force it must be deemed to have determined their respective rights, and the courts are bound to give effect to its determination (*Fellows* agt. *Herman*, 13 *Abb.* [*N. S.*], 1, 10). In the case at bar the judgment settled the rights of the parties and made provision for the payment of alimony amicably. It thus adjudicated upon the subject of the controversy without containing any provision by which the right to the possession and occupancy of the premises was given to plaintiff. This certainly disposed of the injunction and provided for an allowance in its place for the plaintiff's maintenance and support. If the judgment covered the whole case, as is quite manifest, then it superseded the order of injunction and was a substitute for the same, and the order became merged therein. If the judgment was upheld plaintiff would be deprived of no rights, as security was given upon the appeal. That it might be reversed does not add to the plaintiff's right to uphold the injunction if it was abro-

gated thereby. There can be no question that the injunction was abrogated by the judgment, if no appeal had been taken, and the bringing up of such appeal cannot change its legal effect upon any sound principle. The judgment might, perhaps, have provided for the plaintiff's occupation of the premises if the court had so determined, and as it did not so adjudge it must stand, subject to the application of legal rules as to its effect upon the rights of the parties. In the *People* agt. *Randall* (73 *N. Y.*, 416), it was held that when in proceedings supplementary to execution an order was issued restraining a third person from disposing of property in his possession belonging to the judgment debtor "until further order in the premises," an order appointing a receiver is such further order and the final order, and any restraint thereafter desired should be inserted in that order. This decision is directly in point, as the case involved the effect on the order. Some cases are cited by the respondent's counsel as upholding a different doctrine, but upon an examination of them, we are satisfied that they are not in conflict with the rule laid down, and they relate to actions where the injunction was the principal subject in controversy, and where it would be eminently proper for the court, pending an appeal, to interpose its power to command respect to its judgments and obedience to its authority (*Sixth Avenue Railroad Co.* agt. *Gilbert E. Railroad Co.*, 71 *N. Y.*, 430 ; *Erie Railway Co.* agt. *Ramsey*, 45 *id.*, 637 ; *Powers* agt. *Village of Athens*, 19 *Hun*, 169).

It follows from the discussion had that the final judgment was the further order of the court, and the appeal taken, therefore, did not affect the same so as to restore or reinstate the injunction.

The order appealed from should be reversed, and the motion on which the same is founded be denied, with costs.

All concur, except MILLER, J., not voting.